Nicholas T. O'Bryant, ISB No. 10090
SMART SCHOFIELD SHORTER, P.C.
8752 West Overland Road, Suite 114
Boise, Idaho 83709
Telephone: (208) 429-6344
Facsimile: (801) 747-1049
Email: idfilings@utahlaw-smart.com

Attorneys for Plaintiff Jessica Albertson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESSICA ALBERTSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation, and JOHN/JANE DOES 1 through X, whose true identities are presently unknown;<br><br>　　　　Defendant. | Case No. _____<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff Jessica Albertson ("Plaintiff"), by and through her counsel of record, Nicholas T. O'Bryant of SMART SCHOFIELD SHORTER, P.C., and for cause of action against Defendant, Costco Wholesale Corporation, a Washington Corporation, states and alleges as follows:

**I.
PARTIES**

1.　　Plaintiff Jessica Albertson ("Albertson") is, and at all times relevant hereto, was a resident of Blackfoot County, Idaho.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

2. Defendant Costco Wholesale Corporation, a Washington Corporation ("Costco"), is, and at all times relevant hereto, was a corporation with its administrative offices principally located in Issaquah, King County, Washington.

3. Defendants, John/Jane Does I through X, whose true identities are presently unknown (the "Doe Defendants") are now, and at all times relevant to this action were, entities or individuals who were the agents, employees, independent contractors, subdivisions, franchisees, wholly-owned subsidiaries, or division of Costco, or are entities of individuals acting on behalf of, in a master/servant or principal/agent relationship, or in concert with Costco.

## II.
## JURISDICTION AND VENUE

4. This action asserts civil claims arising under 42 U.S.C. § 2000e, *et seq*. (collectively "Federal Law Claims"). This Court has jurisdiction over such counts pursuant to 28 U.S.C. § § 1331 and 1343.

5. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2) as the actions complained of took place in this judicial District.

## III.
## GENERAL ALLEGATIONS

6. Costco has more than 500 employees.

7. Plaintiff is female.

8. Plaintiff was a seasonal employee of Costco starting on or about October 31, 2013.

9. Plaintiff became a regular or permanent part-time employee of Costco in August 2014.

10. John Bryant employed by Costco in a supervisory capacity on or about October 18, 2019.

11. On October 18, 2019, Plaintiff was standing near a table in the breakroom when Mr. John Bryant, physically accosted Plaintiff in a non-consensual sexual manner by "slapping" Plaintiff on her buttocks as he walked by.

12. Mr. Logan Freckleton, a co-worker, observed and witnesses this event, and due to concern, sent Plaintiff a text message confirming what he had believed to observe.

13. Plaintiff reported the conduct to her supervisors and/or managers Mr. Dan Lau and Mr. Matt Carey.

14. Mr. Lau and Mr. Carey advised they would relay the issue to the General Manager, Steve Wakehouse.

15. Mr. Bryant had watched Plaintiff enter the office when she made the report and lurked nearby until she left the meeting.

16. Mr. Bryant quickly entered the office and uttered his intent to "get ahead of the situation."

17. Mr. Bryant admitted to accosting Plaintiff.

18. Mr. Wakehouse and Mr. Andreasen met with Plaintiff to discuss the incident.

19. Plaintiff was told after her next shift with Mr. Bryant, he would be moved to a different area in the workplace.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

20. Plaintiff made it clear she did not feel comfortable working with or near Mr. Bryant and explained he regularly made inappropriate comments (sexual and otherwise) to her and other women.

21. On information and belief, Costco has received multiple complaints regarding Mr. Bryant's conduct, both before and after Plaintiff's complaint.

22. Plaintiff learned she was not the only employee to report Mr. Bryant's inappropriate sexual comments, demeaning jokes, and/or creepy displays of behavior. Costco had received multiple reports from several employees who shared Plaintiff's fear, frustration, and concern.

23. Mr. Bryant was demoted to an opening cashier, a highly sought after position.

24. Costco had a duty and obligation to ensure a working environment free from sexual harassment.

25. From October 2019 through June of 2020, Costco failed to take steps to ensure Plaintiff was not forced to interact with Mr. Bryant. Costco regularly scheduled Mr. Bryant to work at the times and locations that ensured contact with Plaintiff.

26. Throughout this time period Plaintiff expressed ongoing concern to Supervisor Jason Waliser, Mr. Wakehouse and Mr. Andreasen.

27. Neither took steps to re-schedule, transfer, terminate, or otherwise take action that would ensure Plaintiff's safety and well-being in the workplace.

28. On or about June 15, 2020, Plaintiff contacted Tom Padilla, Northwest Region V.P. Plaintiff detailed the October incident, the multiple known past reports, and the ongoing indifference of local management with her ongoing concerns.

29. On June 17, 2020, Mr. Waliser, Assistant Manager, called Plaintiff to his office and proposed significant changes to Plaintiff's schedule, including changing her days off.

30. Mr. Waliser did not alter Mr. Bryant's schedule and instead reduced Plaintiff's hours to avoid overlap.

31. On or about July 3, 2020, Mr. Dan Lau issued a reprimand to Plaintiff for two purported issues related to breaks.

32. Mr. Lau claimed surveillance showed her and another employee, Dyan Thompson, going outside 10-15 minutes prior to their scheduled break, but failing to clock out beforehand.

33. Plaintiff was in fact, outside pushing carts.

34. Dyan Thompson was not reprimanded or even summoned to speak with management.

35. Mr. Lau claimed surveillance showed they failed to clock out for ten minutes during their lunch break.

36. In August 2020, Mr. Lau removed Plaintiff's annual performance review from the normal chain of command.

37. Mr. Lau provided Plaintiff an uncharacteristically negative evaluation that was not based on facts.

38. On or about August 28, 2020, Plaintiff met with Mr. Morgan Evans and Mr. Michael Mulkay to review her annual performance evaluation.

39. Unlike prior reviews, there were two supervisors present.

40. Mr. Mulkay and Mr. Evans informed Plaintiff that Mr. Lau removed from the normal chain of command and that they both disagreed with Mr. Lau's review.

41. Mr. Lau's conduct shows a clear intent to punish Ms. Albertson for reporting Mr. Bryant's conduct.

42. Ms. Albertson's prior reviews were highly positive.

43. Mr. Allen questioned how Mr. Evans became aware of Mr. Bryant's behavior given there was a confidentiality agreement purportedly in place.

44. On or about October 15, 2020, Mr. Mullkay escorted Plaintiff to her car due to Mr. Bryant being present.

45. Mr. Bryant snidely commented "Wow, thanks Mike. Thanks for walking her out because I'm really scary."

46. On November 12, 2020, a manager reached out to Mr. Bryant requesting he arrive early, which overlapped with Ms. Albertson's shift.

47. On or about November 12, 2020, Plaintiff again went to Mr. Waliser with concerns about overlapping schedules with Mr. Bryant. Plaintiff also stressed that her hours had been and continue to be significantly reduced.

48. Mr. Waliser stated he had attempted to avoid creating schedules where they had overlapping shifts.

49. Plaintiff questioned whether Mr. Waliser was aware that her hours had been significantly and regularly reduces.

50. Mr. Waliser responded that he was not aware.

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

51. Plaintiff inquired how Mr. Waliser could not be aware when he just stated he was actively trying to avoid overlapping schedules. It does not appear Mr. Waliser could or did provide an answer.

52. On or about August 12, 2020, Plaintiff filed a Charge of Discrimination with the Idaho Human Rights Commission ("IHRC") alleging sex discrimination and retaliation in violation of the Idaho Human Rights Act, Idaho Code § 67-5901, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

53. On or about August 18, 2020, IHRC sent a letter informing Plaintiff her case was being transferred to the EEOC Seattle Field Office pursuant to the work-sharing agreement between the two agencies.

54. On or about October 2, 2020, the EEOC issued its Dismissal and Notice of Rights.

**COUNT I: SEXUAL HARASSMENT - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE IDAHO HUMAN RIGHTS ACT.**

55. Plaintiff reincorporates the information set forth in Paragraphs 1 through 52 as if set forth herein.

56. Costco allowed and permitted Mr. Bryant to sexually harass Plaintiff. Mr. Bryant suffered no tangible reprimand after admitting to accosting Plaintiff's buttocks.

57. The actions of Costco deprived Plaintiff of opportunities and adversely affected Plaintiff's employment because of her gender in violation of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* and the Human Rights Act, Idaho Code § 67-5901, *et seq.*, which prohibits discrimination based on gender.

### COUNT II: RETALIATION

58. Costco's retaliation against Plaintiff for her engaging in protective activity, *i.e.* reporting and opposing a hostile work environment and participating in investigations of such unlawful employment practices, and subjected Plaintiff to adverse employment actions, including but not limited to poor performance reviews and significantly reducing Plaintiff's hours worked is in violation of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* and the Human Rights Act, Idaho Code § 67-5901, *et seq*.

59. As a result of Costco's violations of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* and the Human Rights Act, Idaho Code § 67-5901, *et seq.*, Plaintiff is entitled to compensatory damages including but not limited to, lost wages and lost benefits in an amount to be determined with specificity at trial.

60. Plaintiff is entitled to recover her attorney's fees and costs incurred in pursing this matter pursuant to 42 U.S.C. § 2000e-5(k) and Idaho Code § § 12-120 and 12-121.

### IV.
### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

61. For an amount to be provided at trial, but not less than $76,000.00, plus interest thereon at the maximum rate allowed by law;

62. for damages allowed under Title VII of the Civil Rights Act of 1964 and/or the Idaho Human Rights Act;

63. For attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k) and/or I.C. § 6-2101, *et seq.*; and

64.	For such other and further legal equitable relief as the Court deems just and proper.

## V.
## DEMAND FOR JURY TRIAL

Pursuant to Rules 38(a) and 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of six (6) other peers on all issues raised in this action.

DATED this 6th day of January, 2020.

SMART SCHOFIELD SHORTER, P.C.


By:  /s/ Nicholas T. O'Bryant
    Nicholas T. O'Bryant, of the Firm
    Attorneys for Plaintiff Jessica Albertson
